# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY JOE DUKE | ) | CASE NO.: 06-30014(1)(13) |
| DEIDRE LEE DUKE | ) | |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on two Motions to Surrender Collateral in Full Satisfaction of Debt by Debtors Jerry Joe Duke and Deidre Lee Duke ("Debtors"). The first Motion concerns a 2005 Ford Escape upon which Branch Banking & Trust Company ("BB&T") is the lienholder. The second Motion concerns a 2003 Chevrolet Silverado upon which PNC Bank ("PNC") is the lienholder. Both creditors filed Objections to Debtors' Motion to Surrender Collateral. The Court considered the arguments of counsel at the hearing held March 29, 2006, the post-hearing briefs submitted by the parties and its own research. For the following reasons, the Court **DENIES** Debtors' Motions.

## FACTS

On January 5, 2006, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On February 23, 2006, Debtors filed their Motion to Surrender Collateral in Full Satisfaction of the Debt seeking an order allowing them to surrender their 2005 Ford Escape in full satisfaction of the $20,000 debt owed to BB&T on the vehicle.

On February 23, 2006, Debtors filed their Motion to Surrender Collateral in Full Satisfaction of the Debt seeking an order allowing them to surrender their 2003 Chevrolet Silverado in full satisfaction of the $18,079.29 debt owed to PNC on the vehicle.

Both vehicles were purchased for personal use of the Debtors 910 days prior to the filing of the Petition and both creditors have a purchase money security interest in the vehicles.

## LEGAL ANALYSIS

The Court is called upon in this case to interpret the new provisions under 11 U.S.C. §1325 of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Debtors seek an order entitling them to surrender two vehicles in full satisfaction of their debts. Creditors oppose these motions as contrary to the terms of §1325 and the legislative intent of BAPCPA. For the following reasons, the Court agrees with the Creditors and will enter an order denying Debtors' requests to surrender both vehicles in full satisfaction of the debts owed thereon.

Section 1325(a)(5) of Title 11, as amended by BAPCPA, prescribes three options for dealing with allowed secured claims in order to confirm a plan. The first is to obtain the creditor's acceptance of the plan under §1325(a)(5)(A). The second is to provide that the creditor retain its lien and a promise of future property distributions whose total value as of the effective date of the plan is not less than the allowed amount of the claim under §1325(a)(5)(B). This allows for cramdown in substantially the same manner as under pre-BAPCPA law. The third option is to surrender the collateral to the secured creditor under §1325(a)(5)(C). In re Robinson, 338 B.R. 70, 72 (Bankr. W.D. Mo. 2006). In the matter at bar, Debtors seek to surrender the vehicles under this option in full satisfaction of their debts. Creditors dispute this interpretation of the amendments to §1325(a)(5) by BAPCPA.

Section §1325(2)(5) was also amended under BAPCPA to include what is now referred to as the "hanging paragraph" which is the unnumbered paragraph at the end of Subsection (a). The hanging paragraph states:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the one-year period preceding that filing.

Section 506 limits a creditor's secured claim to the extent of the value of the collateral. The practical result of this section under pre-BAPCPA law was bifurcation of a secured creditor's claim into secured and unsecured portions depending on the value of the claim. In re Horn, 338 B.R. 110, 112 (Bankr. M.D. Ala. 2006). This bifurcation process was referred to as the claim being "crammed down," and still exists for estate property not specifically addressed by the "hanging paragraph."

Under the so-called "hanging paragraph," bifurcation of a secured claim under Section 506 is prohibited when 1) the creditor has a purchase money security interest, 2) in a motor vehicle acquired for the debtor's personal use, and 3) the debt secured by the vehicle was incurred within 910 days of the filing of the petition. Where these three requirements are met, the creditor's claim must be treated under the plan as fully secured. Horn, 338 B.R. at 113.

The parties in the case at bar stipulated that all three requirements are met with respect to both vehicles. Thus, the "hanging paragraph" applies, requiring both claims to be treated under the plan as fully secured. Debtors contend this means that the Plan may provide for surrender of the vehicle in full satisfaction of the debt in accordance with 11 U.S.C. §1325(5). This construction of

the law essentially turns the table on the Creditors, modifying their contractual claims against the Debtors and the remedies provided by state law. The Creditors, on the other hand, contend their claims should be allowed as fully secured even after the vehicle is surrendered requiring full payment through the plan of the debt in accordance with the contract.

Alternatively, Creditors contend that under these circumstances, where the vehicle is surrendered, the claim should be allowed to be split into a secured and unsecured claim, just as it was under pre-BAPCPA law. The Court cannot accept this argument since it agrees with those courts that have considered the "hanging paragraph" and have uniformly concluded that the bifurcation procedures found in §506 are inapplicable to vehicles purchased for personal use of the debtor within 910 days of the filing of the petition where a purchase money security interest is present. See In re Johnson, 337 B.R. 269, 273 (Bankr. M.D. N.C. 2006), In re Robinson, 338 B.R. 70, 73-74 (Bankr. W.D. Mo. 2006), In re Montoya, 341 B.R. 41 (Bankr. D. Utah 2006), and In re Montgomery, 341 B.R. 843 (Bankr. E.D. Ky. 2006).

The determination of property rights in assets of a bankrupt estate is left to state law. See Nobelman v. American Sav. Bank, 508 U.S. 324, 329 (1993). However, state law only controls to the extent such rights are not modified by the Bankruptcy Code. In re Fleming, 339 B.R. 716, 724 (Bankr. E.D. Mo. 2006). Since the "hanging paragraph" clearly states that §506 does not apply to 910 vehicles, "the rights of the secured creditor under state law are not modified and the claim remains fully secured." In re Brooks, ____ B.R. ____, 2006 WL 1687478 (Bankr. E.D. N.C. 2006).

A review of case law considering the hanging paragraph confirms that the hanging paragraph is ambiguous. See, In re Quevedo, ___ B.R. ___, 2006 WL 1867537, 3 (Bankr. S.D. Cal. 2006). When a statute is ambiguous, a court looks to the legislative history for guidance. Id. The history

in this instance although not expansive, does indicate that it was meant to discourage bankruptcy abuse. It is interesting to note that the section of BAPCPA that added the hanging paragraph was entitled, "Section 306 - Giving Secured Creditors Fair Treatment in Chapter 13 . . . Restoring the Foundation for Secured Credit." Id.; Pub. L. No. 109-8, §306(b) (2005). The only clear intent discerned from the legislative history on the hanging paragraph is that Congress intended to provide more protection to creditors with purchase money security interests.

Debtors' interpretation on the surrender of the 910 vehicles in full satisfaction of the debts would have the practical effect of a release of the Creditors' deficiency claims, an abrogation of the Creditors' state law remedies. If Congress had intended to enact what would essentially be an "anti-deficiency" provision, it would have made its intentions very clear in the statute. While the changes associated with BAPCPA have been considered by many commentators and parties-in-interest to be sweeping and dramatic, the passage of an anti-deficiency is far beyond what a plain reading of the statute permits.

Absent clear legislative intent on the face of the statute, the surrender of a vehicle meeting the requirements of the "hanging paragraph" does not result in a full satisfaction of the Creditors' claims, leaving to them whatever state law remedies are available to them, including pursuit of a deficiency as an unsecured claim during the Chapter 13 proceeding.

## **CONCLUSION**

For all of the above reasons, the Motions to Surrender Collateral in Full Satisfaction of Debt of Debtors Jerry Joe Duke and Deidre Lee Duke are **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
JERRY JOE DUKE                                  )    CASE NO.: 06-30014(1)(13)
DEIDRE LEE DUKE                                 )
                                                )
                    Debtor(s)                   )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions of Debtors Jerry Joe Duke and Deidre Lee Duke to Surrender the 2005 Ford Escape to lienholder Branch Bank & Trust Company and the 2003 Chevrolet Silverado to lienholder PNC Bank in Full Satisfaction of the Debts owed to Branch Banking & Trust Company and PNC Bank be, and hereby are, **DENIED**.